IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL H. PADILLA, 356764, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-456-D |
| | ) | |
| WILLIAM STEPHENS, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
|     Respondent. | ) | |

**AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Type of Case:**

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:**

Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is William Stephens, Director of the TDCJ-CID.

**Background:**

In 1983, Petitioner was convicted of aggravated robbery with a deadly weapon, cause number F83-88766, and aggravated rape, cause number F82-90756, in Dallas County, Texas. On

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**

February 6, 2014, Petitioner filed the instant petition listing these 1983 convictions and stating that he was challenging these judgments and "uncharged convictions for [the] same offenses." (Pet. at 2.) On February 13, 2014, the undersigned magistrate judge entered findings, conclusions and a recommendation that the petition be dismissed as duplicative to a then-pending habeas petition in *Padilla v. Stephens*, 3:13-CV-4518-P-BF (N.D. Tex.).[1] On March 3, 2014, Petitioner filed objections to the findings, conclusions and recommendation. He argued he was not challenging his 1983 convictions, but was challenging "the same claims that were imposed by a different state appointed attorney relating to the denial of due process and equal protection of the laws in the same convictions and cause numbers F-82-90756 and F83-08766." (Objs. at 1-2.) Although Petitioner's claims are unclear, he has previously raised the same claims in prior § 2254 petitions. The Court now recommends that Petitioner's claims relating to his robbery conviction be transferred to the Fifth Circuit Court of Appeals as successive, and that his claims relating to the rape conviction be dismissed for lack of jurisdiction because he has discharged this sentence.

1. **Robbery Conviction**

Petitioner has filed multiple federal habeas petitions. His first federal challenge to the aggravated robbery conviction was denied. *See Padilla v. Johnson*, No. 3:90-CV-1359-D-BK (N.D. Tex. Oct. 24, 1991). His second challenge was transferred to the Fifth Circuit as successive, and a certificate of appealability was denied. *See Padilla v. Thaler*, No. 3:12-CV-

---

1. On March 25, 2014, the district court transferred the robbery claims in that case to the Fifth Circuit Court of Appeals as successive, and dismissed the rape claims for lack of jurisdiction. That petition is therefore no longer pending in the district court.

485-L-BK (N.D. Tex. Mar. 16, 2012), COA denied, No. 12-10384 (5th Cir. Aug. 31, 2012). A third habeas challenge was dismissed. *See Padilla v. Thaler*, No. 13:-CV-1855-N-BN, 2013 WL 3283725 (N.D. Tex. June 28, 2013). Petitioner's fourth, fifth and sixth challenges were transferred to the Fifth Circuit as successive. *See Padilla v. Stephens*, No. 3:13-CV-2273-L-BN (N.D. Tex.); *Padilla v. Stephens*, 3:13-CV-4518-P-BF (N.D. Tex.); *Padilla v. Stephens*, 3:14-CV-295-N-BH (N.D. Tex.). In his seventh challenge, the magistrate judge has recommended that the petition be dismissed as duplicative. *Padilla v. Stephens*, 3:14-CV-779-B-BK (N.D. Tex.).

Although Petitioner argues he is not challenging his 1983 convictions, he has previously raised his claims that he is being unlawfully confined for "uncharged convictions" related to these 1983 convictions. *See Padilla v. Thaler*, No. 3:13-CV-1855-N-BN, 2013 WL 3283725 (N.D. Tex. June 28, 2013)(summarily dismissed); *Padilla v. Stephens*, 3:13-CV-2273-L-BN (N.D. Tex.) (robbery claims transferred to the Fifth Circuit as successive and rape claims dismissed for lack of jurisdiction); *Padilla v. Stephens*, 3:13-CV-4518-P-BF (N.D. Tex.) (same); *Padilla v. Stephens*, 3:14-CV-295-N-BH (N.D. Tex.) (transferred to the Fifth Circuit as successive). The Court therefore finds Petitioner's claims relating to the robbery conviction are successive.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. These claims should therefore be transferred to the Fifth Circuit as successive.

## 2. Rape Conviction

Petitioner has also filed multiple federal petitions challenging his rape conviction. His first challenge to this conviction was dismissed for lack of subject matter jurisdiction because he is no longer in custody for this offense. *See Padilla v. Thaler*, No. 3:12-CV-2160-M-BF, 2013 WL 2479705 (N.D. Tex. June 10, 2013). His second challenge to this conviction was dismissed. *See Padilla v. Thaler*, No. 3:13-CV-1855-N-BN, 2013 WL 3283725 (N.D. Tex. June 28, 2013). His third and fourth challenges were also dismissed for lack of subject matter jurisdiction. *See Padilla v. Stephens*, No. 3:13-CV-2273-L-BN (N.D. Tex. July 24, 2013); *Padilla v. Stephens*, 3:13-4518-P-BF. His fifth challenge was transferred to the Fifth Circuit as successive. *Padilla v. Stephens*, 3:14-CV-295-N-BH (N.D. Tex.). His sixth challenge is currently pending with a recommendation that it be dismissed as duplicative. *Padilla v. Stephens*, 3:13-CV-779-B-BK (N.D. Tex.).

The Court finds Petitioner's claims relating to his rape conviction should be dismissed for lack of jurisdiction. A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . . in violation of the Constitution or laws or treaties of the United States. 28

U.S.C. § 2254(a). A petitioner satisfies the "in custody" requirement when the challenged conviction has not fully expired at the time he files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). A petitioner is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Id*.

Petitioner is no longer in custody on his 1983 rape conviction. His twenty-year sentence was discharged on August 31, 2003. *See Padilla v. Thaler*, No. 3:12-CV-2160-M. As a result, he cannot bring a federal habeas action regarding this conviction. These claims should be dismissed for lack of subject matter jurisdiction.

**3.     Sanctions**

The Court notes Petitioner has been warned by this Court and the Fifth Circuit Court of Appeals that the continued submission of repetitious successive habeas petitions may result in sanctions, including monetary sanctions. *See In re Padilla*, No. 13-10674 (5th Cir. Sept. 24, 2013); *Padilla v. Stephens*, 3:13-CV-1702-N, 2013 WL 5989339 *1 (N.D. Tex. Nov. 2013); *Padilla v. Stephens*, 3:13-CV-2273-L, 2013 WL 3819452 *3 (N.D. Tex. July 2013). In his seventh habeas petition pending in the district court, the magistrate judge has recommended that Petitioner be barred from filing further habeas petitions challenging these convictions unless he seeks leave of court. *Padilla v. Stephens*, 3:14-CV-779-B-BK (N.D. Tex.).

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that: (1) Petitioner's claims regarding his robbery conviction be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); and (2) Petitioner's claims regarding his rape conviction be dismissed for lack of subject matter jurisdiction.

Signed this 1st day of April, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

of the United States Magistrate Judge**                -6-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).